UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOHN LISK                                                                                              PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:07-CV-718-S

PIERRE J. LAROCQUE, et al.                                                                   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

The plaintiff, John Lisk ("Lisk") was injured in a motor vehicle accident on March 18, 2006. Lisk filed this action in the Hardin Circuit Court in Hardin County, Kentucky, alleging that his injuries were the result of the negligence of defendant Pierre J. Larocque. In addition to asserting claims against Larocque and Larocque's employer, OUI Delivery, LTD, Lisk asserted bad faith claims against defendants, Northland Insurance Company ("Northland") and Kathy Sprafka ("Sprafka"), a Northland claims adjuster.[1] Defendants subsequently removed the action to this court and have now moved to dismiss Lisk's claims against Sprafka (DN 9).[2] Defendants assert that Lisk cannot maintain a private right of action for violations of the Kentucky Unfair Claims Settlement Practices Act (the "KUCSPA"), KRS 304.12-230, against a claims adjuster. Under Fed.R.Civ.P 12(b)(6), the court will grant a motion to dismiss only where the plaintiff has failed to plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). When ruling on a defendant's motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Id.* at 1965.

---

[1] Northland and Sprafka are collectively referred to as "Defendants"

[2] Defendants have also moved to bifurcate Lisk's the bad faith claim from the underlying negligence claim and hold discovery relating to the bad faith claim in abeyance (DN 8). Lisk has not objected to bifurcation of the claims. Lisk, however, objects to holding discovery relating to his bad faith claim in abeyance. The court will, therefore, grant the motion insofar as it requests bifurcation and refer the discovery issue to the magistrate judge.

The KUCSPA sets forth a number of acts and omissions that constitute unfair claims settlement practices. KRS 304.12-230. The introductory section to subtitle 12, where the KUCSPA is located, provides that: "[n]o person shall engage in this state in any practice which is prohibited in this subtitle, or which is defined therein as, or determined pursuant thereto to be, an unfair method of competition or any unfair or deceptive act or practice in the business of insurance." KRS 304.12-010. The parties agree, and another federal court in this district has recently noted, that "[n]o Kentucky court has directly addressed the potential for a claim adjuster's liability under the KUCSPA and specifically whether a claim adjuster would be considered to be 'in the business of insurance' for purposes of KRS 304.12-010." *Brown v. A.I.N, Inc.*, 2008 WL 819072, at *2 (W.D.Ky. Mar. 25, 2008).

Both parties cite the Kentucky Supreme Court's decision in *Davidson v. American Freightways, Inc.*, 25 S.W.3d 94 (Ky. 2000), as supporting their positions. In *Davidson*, the Court held that the reference in the KUCSPA to liability for "any person" means any person "engaged in the business of entering into contracts of insurance." *Id.* at 98. In rejecting the argument that a self-insured entity was a "person" subject to liability under the KUCSPA, the Court remarked that:

> The gravamen of the UCSPA is that an insurance company is required to deal in good faith with a claimant, whether an insured or a third-party, with respect to a claim which the insurance company is *contractually obligated* to pay. Absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute.

*Id.* at 100 (emphasis in original).

Relying on *Davidson*, federal courts in this district have held that claims adjusters with no contractual obligation to pay claims have not engaged in the business of insurance, and therefore cannot be liable for bad faith under common law or the KUCSPA. *See Brown*, 2008 WL 819072 at *2 ("because [the claims adjuster] had no contractual obligation to pay any claim, it has not engaged in the business of insurance, and therefore cannot be sued for bad faith under the KUCSPA"); *Malone v. Cook*,

- 3 -

2005 WL 2758091, at *1 (W.D.Ky. Oct. 25, 2005) ("[a]bsent a contractual relationship, an insurance adjuster cannot be liable for common-law or statutory bad faith"). This court agrees that under *Davidson* a claims adjuster with no contractual obligation to pay claims cannot be sued in Kentucky for bad faith. As stated in *Brown*, "while a claims adjuster certainly has close business ties to the insurance industry, and in a general sense could be said to be 'in the business of insurance,' the Kentucky Supreme Court has narrowly interpreted the KUCSPA to include only those 'engaged in the business of *entering into contracts of insurance.*'" 2008 WL 819072, at *2. Accordingly, because Lisk has not alleged that Sprafka was contractually obligated to pay his claim, Lisk's claims against Sprafka must be dismissed.

For the above stated reasons, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that:

(1) the Defendants' motion to dismiss (DN 9) is **GRANTED** and the claims asserted against Kathy Sprafka are **DISMISSED WITH PREJUDICE**.

(2) the Defendants' motion to bifurcate and hold in abeyance (DN 8) is **GRANTED insofar as the Plaintiff's bad faith claims and negligence claims are BIFURCATED**. The issue of whether discovery relating to the bad faith claims should be held in abeyance is **REFERRED TO THE MAGISTRATE JUDGE** for resolution.

I**T IS SO ORDERED** this