UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**JOHN LISK**                                                                                                                                          **PLAINTIFF**

**v.**                                 **CIVIL ACTION NO. 3:07CV-718-MO**

**PIERRE J. LAROCQUE, ET AL.**                                                                                        **DEFENDANTS**

**MEMORANDUM OPINION**

In this motor vehicle accident case, one of the defendants, Northland Insurance Company, has filed a motion to dismiss plaintiff's complaints against its insureds, co-defendants OUI Deliver, Ltd. and Pierre J. Larocque, because it alleges they were not properly served with the complaint and therefore are not before the court (docket number 19). Making special appearances without waiving any defenses of insufficiency of process, OUI Deliver and Mr. Larocque have joined in the motion (docket number 23).

Defendants assert that Mr. Larocque and OUI Deliver were not served in accordance with the requirements of FED. R. CIV. P. 4 and KRS 188.030, because plaintiff served the Kentucky Secretary of State with a copy of the complaint and summons via certified mail rather than tendering the complaint and summons to the Franklin County Sheriff and having the sheriff tender a copy to the Secretary of State for service on non-resident defendants Larocque and OUI Deliver. In short, the initial step was bypassed, although the Secretary of State received the process.

Putting aside the issue of whether Northland Insurance Company even has standing to bring a motion to dismiss, the other defendants do, but pursuant to KRS 188.020 and KRS 281.710 it is clear that the Kentucky Secretary of State was, by default, defendants' agent

for service of process. The record is also clear that the Secretary of State received a copy of the complaint and summons from the plaintiff within a timely manner and sent those complaints and summons via certified mail return receipt requested to the defendants at addresses that have not been contested. While it is true that KRS 188.030 states that "the Clerk of the Court in which the action is brought shall issue a summons against the defendant named in the complaint and direct to the Sheriff of Franklin County . . . [who] shall execute the summons by delivering two (2) true copies to a Secretary of State . . ," it is also true that so long as the evidence establishes that the Secretary of State received copies of the complaint and summons, Kentucky's highest court does not appear particularly bothered by the omission of the preliminary formality of directing the summons and complaints first to the Sheriff of Franklin County. *See Begley v. Kilborne*, 545 S.W. 2d. 926 (Ky. 1976) (in which summons was issued by the Circuit Court Clerk and directed to the Secretary of State, without use of the Franklin County Sheriff and without opprobrium from Kentucky's highest court).

Although the court is fully aware that "actual knowledge and lack of prejudice cannot take the place of legally sufficient service," *LSJ Investment Company v. O.L.D., Inc.*, 167 F. 3d 320, 324 (6th Cir. 1999), it nevertheless bears mention that the defendants have had actual knowledge of this suit for a long time and, even were the court to grant their motions, the most they could expect in terms of relief would be a dismissal without prejudice. Since they have never contested the validity of the addresses identified on the face of the complaint and to which the Kentucky Secretary of State served copies of the complaint, at best a dismissal would only delay the ultimate resolution of this case. Accordingly, their overly technical arguments regarding the propriety of service do not appear to have advanced the interest of justice, or to have been mindful of the court's finite resources, and are not well taken under applicable Kentucky precedent.

Having determined that service was legally sufficient, the court will therefore issue a separate order directing the defendants Pierre J. Larocque and OUI Deliver, Ltd. to answer or otherwise respond to plaintiff's complaint within **twenty days** of the date of entry of this order. No extensions of this deadline shall be given absent good cause.

DATE:

Copies to:
Counsel of Record